IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS D. CROCK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-851 |
| | ) | |
| v. | ) | Judge Lancaster |
| | ) | Magistrate Judge Bissoon |
| UNIV. OF PITTSBURGH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Defendants' Motion to Dismiss (Doc. 25) be granted, and that Plaintiff's case be dismissed, without prejudice, under Heck v. Humphrey, 512 U.S. 477 (1994).

### II. REPORT

Plaintiff has filed this Section 1983 action, *pro se*, against the University of Pittsburgh, members of its police department ("the Police Department"), and its registrar. *See* Am. Compl. (Doc. 24). Although the scope and nature of his attempted legal claims are less than clear, Plaintiff essentially asserts that the Police Department "unlawfully arrested" him on June 29, 2007, and "prosecuted [him], harassed [him], and so forth . . . ." *See id.* at 6, 8.

As Defense counsel references, the events recounted in Plaintiff's Amended Complaint led to his conviction for defiant trespass in state court on August 1, 2008, and the Court of Common Pleas of Allegheny County affirmed his conviction on summary appeal.

*See* Dkt. Sheet in CP-02-SA-0001880-2008 (Ct. Comm. Pls. Allegh. Cty.).[1]  Plaintiff, however, has filed an appeal before the Superior Court of Pennsylvania, and that appeal remains pending. *See id.*

Under Heck v. Humphrey, 512 U.S. 477 (1994), "if judgment in favor of a plaintiff in a civil suit under 42 U.S.C. § 1983 would necessarily imply the invalidity of a prior criminal conviction, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Lora-Pena v. F.B.I., 529 F.3d 503, 505 (3d Cir. 2008) (citing Heck).  Plaintiff offers no meaningful explanation why the Heck bar does not apply,[2] but rather requests that, should his case be dismissed, the dismissal be made without prejudice.  *See* Pl.'s Opp'n Br. (Doc. 30) at un-numbered pgs. 2 & 3 of 14.

The undersigned agrees with Defendants that Plaintiff's claims should be dismissed under Heck.  Plaintiff is correct, however, that the dismissal should be without prejudice. *See* Brown v. City of Philadelphia, 2009 WL 2255514, *2 (3d Cir. Jul. 29, 2009) (""[w]hen a § 1983 claim is dismissed [as premature] under Heck, the dismissal should be [entered] without prejudice") (citation to quoted source omitted).

Accordingly, Defendants' Motion to Dismiss (Doc. 25) should be granted to the extent described above, and Plaintiff's lawsuit should be dismissed without prejudice to refiling in the event that his underlying conviction later is invalidated.

---

[1] "[A] federal court may take judicial notice of [state] court records and dockets." Kalomiris v. Monroe County Syndicate, 2009 WL 73785, *2 n.8 (M.D. Pa. Jan. 8, 2009) (citations omitted).
[2] To the extent that any of Plaintiff's claims conceivably may survive Heck, the Court is unable to make this determination based on Plaintiff's submissions.  *See generally* Timbuktu v. Malone, 2009 WL 817040, *4 (E.D. Wis. Mar. 25, 2009) ("[e]ven considering the liberal construction given to the pleadings of *pro se* litigants, [i]t is not the court's responsibility to research the law and construct the parties' arguments for them") (citation to quoted source omitted).

In accordance with the Magistrates Act, 20 U.S.C. § 636(b)(1) (B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by March 2, 2010. Responses to objections are due by March 16, 2010.

February 16, 2010                                         s/Cathy Bissoon
                                                          Cathy Bissoon
                                                          United States Magistrate Judge

cc (via email):

Thomas D. Crock
All Counsel of Record